DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Jeremy Little appeals a finding of delinquency based on a Juvenile Magistrate's decision finding Little guilty of receiving stolen property in violation of R.C.2913.51. We affirm.
 I.
On October 14, 1996, Gary Allrutz noticed that a bicycle belonging to his youngest son, Justin, was not in the garage. Justin informed Gary that the bicycle was missing. Based on this information, Gary Allrutz filed a stolen bicycle report with the police. A couple days later, Gary Allrutz and his oldest son, Jeremy, noticed Little riding the missing bicycle and began to chase him. Little abandoned the bicycle and fled on foot. Gary and Jeremy retrieved the bicycle and reported Little's identity to the police.
Little was charged with receiving stolen property and was tried before a Juvenile Magistrate. The magistrate found Little guilty and declared him to be delinquent. The trial court adopted the magistrate's report and Little was adjudicated delinquent.
 II.
On appeal, Little raises two assignments of error. However, between the two assignments of error, Little only raises one issue:
 The issue for review is whether the trial court had sufficient evidence before it to find the appellant guilty beyond a reasonable doubt of the offense of receiving stolen property when no one tesitfied (sic) that the object was taken in a theft offense.
The appropriate standard of review for a challenge to thesufficiency of evidence is found in the second paragraph of the syllabus in State v. Jenks (1991), 61 Ohio St.3d 259:
 The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Little was accused of receiving stolen property in violation of R.C. 2913.51, which states: "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." Little argues that the state is required to prove that the bicycle was stolen as one of the elements of the crime. Little claims that the evidence was insufficient as to this element because the actual owner of the bicycle, Justin Allrutz, failed to testify that the bicycle had been stolen. Little asserts that, "[f]or all the trier of fact knows, the owner [Justin Allrutz] gave the bike away or allowed someone to use it and did not want to face his father's wrath."
In State v. Lyons (Mar. 6, 1985), Summit App. No. 11779, unreported, when discussing the elements of this crime, we stated:
 The nature of the property received, retained or disposed of; i.e., that it was stolen property, must be proven by the state. The theft offense which gave rise to the property's nature as stolen property need not be proven.
In proving the nature of the property, the state is not required to offer the testimony of the actual owner of the property. SeeState v. Papio (Mar. 31, 1992), Lucas App. No. L-91-200. In this case, the owner's father, Gary Allrutz, testified that the bicycle was missing, that Justin told him what happened to it, and that he then filed a report with the police declaring that the bicycle was stolen. This was sufficient to permit a rational trier of fact to conclude that the bicycle was stolen. Little's assignments of error are overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant Jeremy Little.
 Exceptions. _______________________________ DANIEL B. QUILLIN
FOR THE COURT
QUILLIN, J., P. J.
BAIRD, J.
REECE, J. CONCUR.